# EXHIBIT 1

JASON L. PARIS, ESQ.
PARIS & CHAIKIN, PLLC
14 Penn Plaza-Suite 2202
New York, NY 10122
Tel: (212) 742-0476
Fax:(212) 742-8701

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 2664

MATSUMOTO, J.

REYES, M.J

| | |
|---|---|
| JOSETTE TURCHIO, | )<br>)<br>) COMPLAINT<br>) |
| Plaintiff, | ) |
| vs. | ) |
| CITY OF NEW YORK, | ) |
| Defendant. | ) |

Plaintiff, JOSETTE TURCHIO, through undersigned counsel, for her complaint against the Defendant, City Of New York, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1333, Admiralty and General Maritime jurisdiction.

2. Personal jurisdiction and venue is proper in this Court; Plaintiff and Defendant reside within the Eastern District of New York, the accident giving rise to this cause of action occurred within this district, and the Defendant's negligent acts were committed in this district.

### THE PARTIES

3. Plaintiff, JOSETTE TURCHIO, is a resident and citizen of Broad Channel, located in Queens County, New York.

COMPLAINT - 1

4. Defendant City of New York ("NYC") is a municipality located within the Eastern District of New York.

5. NYC is the owner of the Cross Bay Joseph Adabo Bridge ("bridge"), which transverses the navigable waters between Howard Beach, Queens, across the Grassy Bay portion of Jamaica Bay, to Broad Channel.

## FACTS

6. Approximately at 2130 hours on July 5, 2012 Plaintiff, was a passenger on a 18' Glastron, pleasure boat, owned and operated by her husband, Vincent Turchio, in Jamaica Bay. Mr. Turchio was proceeding westbound in Jamaica Bay towards Joseph Adabo Bridge, a multispan fixed bridge

7. As Mr. Turchio approached the bridge, he attempted to go through the center span. At the time it was a high tide, and the fenders around the bridge were very close to the water, not visible, nor marked with reflectors, lights or any other markings.

8. As he attempted to go through the bridge, the lights that are required by law to mark the center of the channel and the locations of the bridge spans were out, making it difficult to ascertain your position and align for a safe passage in the middle of the channel.

9. As a result Plaintiff's vessel collided with one of the wood fenders off which was not visible at the time.

10. As a result of the collision with the fender, Plaintiff, JOSETTE TURCHO sustained a tear to her anterior cruciate ligament in her left knee, that required surgery and fractured ribs.

11. As the owner and operator of a bridge upon navigable waters, Defendant, was required to, maintain navigation lights. Pursuant to the Bridge Act of 1946 33 U.S.C. § 401 *et seq.*, the defendant had to have plans for the bridge approved by the Chief Engineer of the Secretary of Army; those approvals required installation and maintenance of navigation lights.

12. 33 U.S.C. § 494 mandates that," persons owning or operating any such bridge shall maintain at their own expense such lights and other signals as the Commandant of the Coast Guard shall prescribe". This requirement is further reiterated in 33 C.F.R. § 118.1.

13. 33 C.F.R. § 118.65, mandates, that where a fixed bridge has two or more spans over a navigable channel it must have lights that mark the main channel span.

14. The bridge was equipped with the lights mandated under 33 C.F.R. § 118.65, but they had been inoperable for many months.

15. Defendant had received notices and complaints prior to Plaintiff's accident that the navigation lights were not operable, and took no corrective action.

16. Defendant failed to inspect maintain and repair the navigation lights on the bridge.

17. Defendant's failure to inspect, maintain and repair the navigation lights on the bridge constituted negligence.

18. Defendant's failure to inspect, maintain and repair and have operable navigation lights on the bridge violated 33 U.S.C. § 401, 33 U.S.C. § 494, 33 C.F.R. 118.1, and 33 C.F.R. § 118.65.

19. Defendant's violation of the statutes and regulations cited in paragraph 18 constituted negligence per se.

20. Defendant's violation of the statutes and regulations cited in paragraph 18 invokes the "Pennsylvania Rule" The Pennsylvania 86 U.S. (Wall) 125(1873), where a party who violates a safety rule or statute intended to prevent collision must prove its statutory violation **could not have** caused the collision.

21. As a result of Defendant's negligence, Plaintiff incurred past medical expenses, loss of wages, pain and suffering and will incur future medical expenses, lost wages and pain and suffering in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor, against defendant, together with interests, cost, pre-judgment and post judgment interest.

PARIS & CHAIKIN, PLLC<br>
ATTORNEYS FOR PLAINTIFF,<br>
JOSETTE TURCHIO<br>
<br>
By: _____<br>
JASON L. PARIS, ESQ.