UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

VINCENT TURCHIO,

                              Plaintiff,

– versus –

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN d/b/a
FOREMOST INSURANCE COMPANY,

                              Defendant.

MEMORANDUM
AND ORDER

14-CV-2685 (JG) (RER)

APPEARANCES:

    TABAK, MELLUSI & SHISHA LLP
        29 Broadway, Suite 2311
        New York, NY 10006
    By:    Stephen B. Roberts
        *Attorneys for Plaintiff*

    RUBIN, FIORELLA & FRIEDMAN LLP
        630 Third Ave, 3rd Floor
        New York, New York 10017
    By:    James E. Mercante
        Michael E. Stern
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost") brings a motion for summary judgment on the issue of whether its marine insurance policy covers a third-party claim for contribution against the insured Plaintiff, Vincent Turchio. The contribution claim arises from a suit for injuries sustained by Mr. Turchio's wife during a boating accident. Plaintiff has cross-moved for summary judgment on the same issue. Since marine insurance contracts are governed by admiralty law, the Court has jurisdiction to hear this case pursuant to

28 U.S.C. § 1333, *see Folksamerica Reinsurance Co. v. Clean Water of N.Y., Inc.*, 413 F.3d 307, 323-24 (2d Cir. 2005), as well as pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

For the reasons set forth below, Plaintiff's cross-motion for summary judgment is granted, and Defendant's motion for summary judgment is denied.

BACKGROUND

The underlying facts in this case are not in dispute. Defendant Foremost issued a Family Boater's Insurance Policy No. 73036436 (the "Foremost Policy") to Plaintiff effective from June 20, 2012 to June 20, 2013, which provided insurance coverage for Mr. Turchio's 2011 18-foot Glastron GT boat. *See* Declaration of Michael Stern, Exhibit 2, ECF No. 7-1. On the night of July 5, 2012, Mr. Turchio and his wife, Josette Turchio, took the boat for a cruise in Jamaica Bay. Around 9:30 pm, Mr. Turchio was driving the boat when it collided with the Joseph P. Addabbo Memorial Bridge, which is owned and operated by the City of New York. Mr. Turchio's wife sustained injuries as a result of this collision, and she subsequently brought an action against the City of New York alleging negligence due to the bridge being improperly lit. The City of New York then filed a third-party complaint against Mr. Turchio, seeking contribution for his allegedly negligent operation of the boat.

Afterwards, Mr. Turchio notified Foremost and requested, pursuant to his marine insurance policy, that Foremost defend him against the third-party complaint and also cover any liability up to the policy limit. In an October 2013 letter, Foremost agreed to provide a legal defense, but it disclaimed coverage on the basis that the Foremost Policy excluded payment for bodily injury to a family member. Mr. Turchio then filed the complaint in this case seeking a declaratory judgment that Foremost is obligated, under the Foremost Policy, to pay for any indemnification and/or contribution resulting from the third-party action.

A. *The Family Boater's Insurance Policy*

Though the parties differ as to how the Foremost Policy should be interpreted, they are in agreement as to which provisions of the policy are relevant and applicable. The personal liability section of the policy states:

> If a claim is made or a suit is brought against you for damages because of bodily injury or property damage caused by ownership, maintenance or use of your watercraft or nonowned watercraft to which this coverage applies . . . we will:
>
> 1. Pay up to the Limit of Liability shown on the Declarations Page for all the damages for which you are legally liable.
>
> 2. Provide a defense at our expense by attorneys of our choice.

Stern Decl., Ex. 2, at 8.

However, the policy also contains a carveout from this general provision under the "Exclusions" subsection stating: "We will not pay for . . . [b]odily injury to you or a family member." *Id.* at 11. The policy defines "family member" to include "a person who resides in your household and is related to you by blood, marriage or adoption." *Id.* at 1. Under the policy, "bodily injury" means "physical injury, sickness, disease or death caused by accident." *Id.*

## DISCUSSION

A. *Legal Standards*

1. *Summary Judgment*

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute. In determining whether the moving party has met this initial responsibility, the court must "resolve all ambiguities and draw all permissible

3

factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

      2.     *Marine Insurance Policy is Interpreted Under New York Law*

Absent a specific federal rule, federal courts look to state law for principles governing maritime insurance policies and apply federal maritime choice-of-law rules to determine which state's law to apply. *See Commercial Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir. 1999) (internal citations omitted). The parties do not provide (and the Court has not found) a specific federal rule governing construction of marine insurance contracts. *See id.* (citing *Wilburn Boat Co. v. Fireman's Fund Ins.*, 348 U.S. 310, 321 (1955)). As such, having applied federal choice-of-law rules, I agree with the parties that New York law is the proper state law to use for this marine insurance policy. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 162 (2d Cir. 1998) (holding applicable state law is determined "by ascertaining and valuing points of contact between the transaction giving rise to the cause of action and the states or governments whose competing laws are involved.") (citations omitted).

B. *Analysis*

Since the City of New York's third-party action is a claim made against Mr. Turchio because of bodily injury caused by the use of his boat, it falls within the general terms of the Foremost Policy's personal liability coverage. *See* Stern Decl., Ex. 2, at 8. However, as mentioned above, the policy also contains exclusions, and the crux of this case is the scope of one such provision, which states that Foremost "will not pay for . . . [b]odily injury to you or a family member." *Id.* at 11.

Though Mr. Turchio's wife falls within the definition of "family member" and her injuries were "bodily injur[ies]" as defined in the Foremost Policy, it is unclear, despite Foremost's assertions to the contrary, whether this exclusionary language extends to contribution claims from a non-family member third party. Other portions of the policy expressly exclude coverage for indirect risks, or losses indirectly resulting from certain events. *See* Stern Decl., Ex. 2, at 8 (Section I – Exclusions, "We do not insure loss caused directly, indirectly or resulting from any of the following . . ."); at 10 (Section II – Exclusions, "We will not pay for bodily injury to any person as a direct or indirect result of scuba diving activity."). The exclusion for bodily harm to a family member contains no such express indication that it should be applied to indirect third-party claims. *See* 9A Couch on Ins. (3d ed.) § 128:4 (noting insurers have sought to make clear the exclusion of contribution claims by inserting language precluding coverage for bodily injury to an insured person "whenever any benefit of this coverage would accrue directly or indirectly to an insured person"); *see also Cragg v. Allstate Indemnity Corp.*, 17 N.Y.3d 118, 122-23, 926 N.Y.S.2d 867 (2011).

While unambiguous provisions of insurance contracts should be given their plain and ordinary meaning, *see Sanabria v. American Home Assur. Co.*, 68 N.Y.2d 866, 868, 508 N.Y.S.2d 416 (1986), it is well-settled under New York law that policy exclusions are "subject to strict construction and must be read narrowly." *See Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137, 818 N.Y.S.2d 176 (2006); *Jefferson Ins. Co. v. Travelers Indemnity Co.*, 92 N.Y.2d 363, 371, 681 N.Y.S.2d 208 (1998) ("This Court has consistently held policy exclusions are to be narrowly construed . . . "). Should any ambiguities exist in the insurance policy, they are to be construed against the insurer. *See Scottsdale Indemn. Co. v. Beckerman*, 992 N.Y.S.2d 117, 120-21 (2d Dept. 2014) (citations omitted).

New York courts have refused to interpret similar insurance exclusion provisions to encompass third-party contribution claims, even when those claims were based on conduct or events that otherwise would not be covered. *See Graphic Arts Mut. Ins. Co. v. Bakers Mut. Ins. Co. of N.Y.*, 45 N.Y.2d 551, 557-58, 410 N.Y.S.2d 571 (1978) (holding that although insurer had no direct liability under exclusion provision for bodily injury to insured's employees, it was nonetheless liable for third-party contribution claims against insured for bodily injury to insured's employee); *Allstate Ins. Co. v. Pestar*, 168 A.D.2d 931, 931-32, 564 N.Y.S.2d 892 (4th Dept. 1990) (holding insurer had duty to indemnify parents against state's contribution claim for child's injury, since issue concerned potential liability to the state, not the child); *Campanile v. State Farm Ins. Co.*, 161 A.D.2d 1052, 1054, 558 N.Y.S.2d 203 (3d Dept. 1990), *aff'd*, 78 N.Y.2d 912, 573 N.Y.S.2d 463 (1991); *Iamele v. Nationwide Mut. Ins. Co.*, 103 A.D.2d 1027, 1027-28, 478 N.Y.S.2d 410 (4th Dept. 1984).

*Byrne v. Nationwide Mut. Fire Ins. Co.*, No. 00-cv-6083, 2001 WL 99892 (E.D.N.Y. 2001), applied these rules of construction to a similar provision in a homeowner's insurance policy. In that case, the co-insured wife suffered personal injuries when a retractable awning, purchased from defendant and installed by her co-insured husband, collapsed. The wife sued the defendant seller of the awning, who in turn, commenced a third-party action against the husband for contribution, asserting that he negligently installed the awning. Despite the fact that the homeowner's liability insurance policy contained an exclusion for bodily injury to an insured, and the injured wife was an insured, Magistrate Judge Michael Orenstein found that the claim was "a third-party claim for contribution by one potential tortfeasor against another, which is

distinct from a claim for bodily injury to an insured. Thus this claim falls outside the policy exclusion." *Id.* at *2.[1]

By the same token, the City of New York's claim for contribution against Mr. Turchio as a potential joint tortfeasor is legally distinct from a direct claim by Mr. Turchio for bodily injury to his wife. The language indicating that Foremost "will not pay for . . . [b]odily injury to a family member" is ambiguous with respect to third-party claims seeking contribution. Since ambiguities are to be strictly construed against the insurer, and New York courts adjudicating similar exclusion provisions have found them to not include third-party claims, I conclude that the Foremost Policy provides indemnification for Mr. Turchio in the third-party action against the City of New York.[2]

## CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion and denies the defendant's. Thus, the plaintiff is entitled to a judgment against defendant Foremost declaring that Foremost is obligated to indemnify plaintiff under the Foremost Policy for any liability, up to the policy limit of $300,000, that may result from the underlying third-party action brought by the City of New York.

---

[1] Foremost attempts to distinguish *Byrne* on grounds that marine insurance contracts are governed by admiralty law, specifically the requirement of proportional distribution for any damages owed to Ms. Turchio in the underlying case. But under New York law, an ambiguous exclusion provision should be construed against a boat insurer just as it is against a home insurer. To the extent Foremost contends that the City of New York's third-party claim is improper under principles of admiralty law, that argument may be relevant to the third-party action, but it has no bearing on these motions for summary judgment.

[2] Section 3420(g) of the New York Insurance Law does not bar indemnity in the instant case because, *inter alia*, Mr. Turchio's boat is an "ocean going" vessel. *See* N.Y. Ins. Law §§ 3420(i); 2117(b)(3)(B); & 1113(a)(21). Whether a ship is ocean going is determined not by the capabilities of the individual vessel, but by the "Policy Territory" as defined in the relevant marine insurance policy. *See Jefferson Ins. Co. v. Cassella*, 261 F.Supp.2d 160, 164-65 (E.D.N.Y. 2003), *vacated on other grounds in part on reconsideration*, 2003 WL 23411876 (E.D.N.Y. 2003) (citing cases). The Foremost Policy covering the boat contains an express territorial limitation to the "coastal waters of the United States and Canada" and is thus "ocean going" for the purposes of New York Insurance Law. *See* Stern Decl., Ex. 2, at 11; *Insurance Company of North America v. Zaglool*, 526 F. Supp.2d 361, 365-66 (E.D.N.Y. 2007) (vessel was "ocean going" because the marine insurance policy was limited to the "Atlantic coastwise" of the United States and Canada).

So ordered.

John Gleeson, U.S.D.J.

Dated: October 20, 2014
Brooklyn, New York